IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

AJAYKUMAR PATEL,
Plaintiff,

v. Civil No. 3:25cv404 (DJN)

DIRECTOR OF UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,
Defendant.

**MEMORANDUM ORDER**
**(Granting Motion to Dismiss)**

Plaintiff Ajaykumar Patel ("Plaintiff") brings this action against Defendant Director of the United States Citizenship and Immigration Services ("Defendant" or "USCIS"). In his Complaint (ECF No. 1), filed *pro se*, Plaintiff asserts one claim under the Administrative Procedure Act ("APA"). This matter comes before the Court on Defendant's Motion to Dismiss. (ECF No. 7 ("Motion").)

For the reasons set forth below, the Court hereby GRANTS Defendant's Motion to Dismiss (ECF No. 7).

## I. BACKGROUND

At this stage, the Court must accept as true the facts set forth in Plaintiff's Complaint (ECF No. 1 ("Compl.").) *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Against this backdrop, the Court accepts the following facts as alleged for purposes of resolving the instant Motion.

Plaintiff is a citizen of India and has resided in the United States since approximately 2024. (Compl. ¶ 14.) On July 29, 2024, Plaintiff suffered an armed robbery. (*Id.* ¶ 15). Several months later, on December 23, 2024, Plaintiff filed a Form I-918 Petition for U Nonimmigrant

Status ("U-Visa Petition"), which allows non-citizen victims of a crime to obtain temporary lawful nonimmigrant status and employment authorizations. (*Id.* ¶ 16.) Plaintiff simultaneously filed a Form I-765 Application for Employment Authorization and a Form I-918 Supplement A for his family members. (*Id.* ¶¶ 17, 20.) Those family members subsequently filed additional applications seeking employment authorization. (*Id.* ¶ 22.) USCIS has not yet published a decision on Plaintiff's various applications. (*Id.* ¶¶ 23, 25.)

Plaintiff filed suit against USCIS on May 27, 2025, alleging that USCIS has violated the APA by unreasonably delaying agency action, including specifically its decisions whether (1) his petition constitutes a bona fide petition and (2) Plaintiff and his family should receive employment authorization. (*Id.* ¶ 33.) He requests that this Court compel Defendant USCIS to provide him with "bona fide determinations and decisions on the pending work authorization applications within 14 days." (*Id.* ¶ 112.)

Defendant USCIS filed the instant Motion on August 14, 2025. (ECF No. 7.) Plaintiff has failed to respond to Defendant's Motion within the timeframe provided under the Court's Local Rules,[1] rendering this matter ripe for judicial review.

## II. STANDARD OF REVIEW

A motion made pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. A defendant moving for dismissal for lack of subject matter jurisdiction may either attack the complaint on its face, asserting that the complaint "fails to allege facts upon which subject matter jurisdiction can be based," or may

---

1 E.D. Va. R. 7(F). Although Plaintiff did not respond to Defendant's motion to dismiss, the Court "may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default[,]" but must instead review the motion to ensure that dismissal is proper. *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014).

attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *White v. CMA Const. Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996). In either case, the plaintiff bears the burden of proof to establish jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## III. ANALYSIS

Defendant USCIS argues that this Court lacks jurisdiction over Plaintiff's APA claim, because USCIS retains discretion to decide whether to grant employment authorization to bona fide petitioners who have not yet obtained waiting list status or a U-Visa. (ECF No. 8 at 5–6.) The Court agrees with Defendant. Accordingly, since it lacks subject matter jurisdiction over Plaintiff's APA claim, the Court GRANTS Defendant's Motion to Dismiss (ECF No. 7).

### A. Statutory Framework Governing U-Visas

Under the Immigration and Nationality Act ("INA"), Pub. L. No. 82-414, § 101, 66 Stat. 163 (1952) (codified as amended at 8 U.S.C. § 1101), Congress granted the Secretary of Homeland Security broad authority over the admission of noncitizens into the United States, and the Secretary has delegated much of that administrative authority to USCIS. *Gonzalez v. Cuccinelli*, 985 F.3d 357, 362 (4th Cir. 2021). Pursuant to this grant of authority, USCIS is responsible for administering U-Visas, which allow eligible noncitizens who are victims of

serious crime in the United States and have cooperated or are likely to cooperate with law enforcement to receive certain immigration protections and privileges. 8 U.S.C. § 1101(a)(15)(U)(i). To apply for a U-Visa, a non-citizen must file a petition with USCIS showing that they meet the required conditions for eligibility.[2] 8 C.F.R. § 214.14(c)(4). After a petitioner has demonstrated his eligibility for a U-Visa, his application *may* be granted, subject to an annual cap of 10,000 U-Visas per year. 8 U.S.C. § 1184(p)(2)(A); 8 C.F.R. § 214.14(c)(5)(i), (d). Because there is a "significant gap between [the number of] U-Visa petitions that meet the eligibility criteria and petitions that the agency may grant," the Department of Homeland Security ("DHS") has instructed that all eligible petitioners should be placed on a waiting list, with priority based on the date that the petition was filed. *Gonzalez,* 985 F.3d at 363; 8 CFR § 214.14(d)(2). And once a petitioner is placed on that waiting list, that petitioner and qualifying family members are granted deferred action and may receive employment authorizations subject to USCIS's discretion. *Id.*

Petitioners who have not been approved for a U-Visa or placed on the waiting list may be granted work authorization upon the showing of a "pending, bona fide" U-Visa application. 8 U.S.C. § 1184(p)(6). But "until the application is approved and the petitioner is placed on the

---

[2] A petitioner is eligible for a U-Visa if he or she "has suffered substantial physical or mental abuse as a result of having been a victim of criminal activity"; (2) "possesses information concerning [the] criminal activity"; (3) "has been helpful, is being helpful, or is likely to be helpful to [government officials] investigating or prosecuting [the] criminal activity"; and (4) the criminal activity is a covered offense that "violated the laws of the United States or occurred in the United States . . . or the territories and possessions of the United States." 8 U.S.C. §§ 1101(a)(15)(U)(i)(I)–(IV).

waiting list, the agency has not committed itself to providing deferred action or work authorization." *Gonzalez,* 985 F.3d at 363.

**B. Plaintiff's APA Claim**

Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's Complaint, because USCIS has discretion when adjudicating work authorizations as to petitioners such as Plaintiff, placing challenges to these processes beyond the Court's jurisdiction. The Court agrees. Since Defendant USCIS retains discretion when adjudicating work authorization for U-Visa petitioners who have not been placed on the waiting list, the Court may not review whether USCIS has unreasonably delayed decisions regarding Plaintiff's work authorization status under 5 U.S.C. § 701(a)(2). Plaintiff's claim thus fails for lack of subject matter jurisdiction.

The APA authorizes a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" to seek judicial review of that action. 5 U.S.C. § 702. A court may review agency action unless the "statutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701 (a) (1)-(2). If review is permitted, the reviewing court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706. To compel agency action under § 706, the plaintiff must show that an "agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original). Courts may make such a finding only if a "clear indication of [a] binding commitment" imposed on the agency through statute or regulation exists. *Id.* at 69. This "rules out judicial direction of . . . agency action that is not demanded by law." *Id.* at 65. Thus, where an agency "is *not required* to do something, [a court] cannot compel the agency to act—let alone

to act faster." *Gonzalez,* 985 F.3d at 366 (citing *Norton*, 542 U.S. at 63 n.1) (emphasis in original).

The Fourth Circuit recently faced the question of whether USCIS retained discretion to decide petitioners' pre-waiting-list status and employment authorization in *Gonzalez v. Cuccinelli*, 985 F.3d 357 (4th Cir. 2021). There, the plaintiffs had applied for U-Visas in 2015 and 2016, and as of 2021, had not received any decision regarding their U-Visa petitioner status (pursuant to Form I-918) or employment authorization applications (pursuant to Form I-765). *Id.* at 365. Plaintiffs challenged USCIS's failure to adjudicate their claims for work authorization, even though they had not yet been placed on the U-Visa waiting list. *Id.* at 366. The Fourth Circuit found that, pursuant to the relevant statutory provision, "[t]he agency is not required to wield its discretionary authority . . . to either grant or deny work authorization to Plaintiffs based on the text, structure and history of the U-Visa program and related provisions of the INA." *Id.* Because USCIS retains discretion when adjudicating such requests, consideration of "every work-authorization request" does not constitute required agency action, especially where there are no policies, regulations, timelines[3] or mandates to implement pre-waiting-list work authorizations. *Id* at 369. The Fourth Circuit also clarified that the statutory provision allowing USCIS to grant work authorization to petitioners who have submitted a "pending, bona fide application" simply "sets forth a prerequisite that the agency must satisfy if it chooses, in its discretion, to conduct an adjudication," rather than mandate that USCIS must decide whether a

[3] 5 U.S.C. §555(b), mandating agencies to conclude matters before them "within a reasonable time," does not create a mandatory timeline by which USCIS must adjudicate petitioners' applications, because it contains broad language that is "not sufficient to create the discrete, non-discretionary duty required to enable judicial review of agency inaction." *Turner v. Blinken*, 2024 WL 4957178, at *5 (D. Md. Dec. 3, 2024).

petitioner has submitted a "bona fide" petition. *Id.* at 371. Ultimately, the Fourth Circuit concluded that "no [required] agency action exists to compel" and that it therefore lacked subject matter jurisdiction over the plaintiffs' APA claims. *Id.*

*Gonzalez* controls here. Like the plaintiffs in *Gonzalez*, Plaintiff asks the Court to compel Defendant USCIS to issue decisions concerning both his immigration status as a bona fide petitioner and the pending work authorization applications submitted by Plaintiff and his family. (Compl. ¶ 112.) And as discussed in *Gonzalez*, USCIS retains discretion to make decisions on both of these topics.[4] Plaintiff himself acknowledges that such decisions are discretionary, conceding that only *if* USCIS decides that petitions submitted by a petitioner and his family members are bona fide "and warrant a favorable exercise of discretion," USCIS may grant them employment authorization. (Compl. ¶ 38.) The Fourth Circuit has clearly stated that petitioners who are not on the waiting list and who have not been granted a U-Visa are guaranteed neither "discretionary nor mandatory immigration status or work authorization." *Gonzalez*, 985 F.3d at 364. Thus, the Court lacks authority to compel USCIS to determine

---

[4] By contrast, the Fourth Circuit found that it possessed authority to review the *Gonzalez* plaintiffs' claims challenging USCIS's unreasonable delay in deciding whether to place plaintiffs on the U-Visa waiting list, because Congress mandated that the agency pass implementing regulations administering the waiting list and because the agency committed itself to placing eligible applicants on that list. 8 C.F.R. § 214.14(d)(2) ("All eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on a waiting list and receive written notice of such placement."); *Gonzalez,* 985 F. 3d at 374, n. 10. Here, Plaintiff has not brought a claim regarding USCIS's delay in adjudicating his eligibility for the waiting list; rather, he only challenges USCIS's delay in determining whether Plaintiff submitted a bona fide petition allowing for a potential work authorization for himself and his family. (Compl. ¶¶ 33, 38, 112.)

whether Plaintiff has submitted a bona fide petition or issue employment authorization to him and his family members.

Plaintiff counters that "USCIS is required to make a [bona fide determination] and [employment authorization decision]," because it is subject to regulations requiring it "to make a decision on all benefits where it promulgates a form," and that "even if a benefit is ultimately discretionary," USCIS's ultimate decision on Plaintiff's application is still required. (*Id.* ¶ 36–38, 40, 42, 45.) In so arguing, Plaintiff relies on *Barrios Garcia v. U.S. Department of Homeland Security*, 25 F.4th 430, 444 (6th Cir. 2022). There, the Sixth Circuit rejected the Fourth Circuit's approach and held that § 1184(p)(6) does mandate required agency action. *Id.* However, the Sixth Circuit also explicitly "acknowledge[d] that § 1184(p)(6) might be read another way . . . i.e., [that] USCIS may exercise its discretion to adjudicate a prewaitlist work-authorization application and then determine whether a U-visa application is pending and bona fide as a prerequisite to granting work authorization." *Id.* (quoting *Gonzalez,* 985 F. 3d at 371). Plaintiff's reliance on *Barrios Garcia* is misplaced, given the existence of binding Fourth Circuit precedent that directly addresses the issue before the Court.

In sum, the Court lacks subject matter jurisdiction over Plaintiff's APA claim, because USCIS's actions at this stage of his U-visa application are entirely discretionary.[5] Plaintiff's APA claim must therefore be dismissed. *See Gonzalez,* 985 F.3d at 374 (dismissing identical claims for lack of subject matter jurisdiction).

---

[5] Here, the Court grants Defendant's motion pursuant to the second exception for judicial review under 5 U.S.C. § 701(a)(2). The Court thus declines to base its ruling on Defendant's arguments regarding a statutory bar to judicial review under U.S.C. §701(a)(1). (ECF No. 8 at 6.)

## IV. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendant's Motion to Dismiss (ECF No. 7) and DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint (ECF No. 1). Plaintiff does not request, and the Court does not grant, leave to amend, rendering this Order final and appealable. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (holding that an order dismissing a case without leave to amend is final and appealable). Should Plaintiff desire to appeal, written notice of appeal must be filed with the Clerk of the Court within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

The Clerk is directed to close the case.

Let the Clerk file a copy of this Memorandum Order electronically and notify all counsel of record and mail a copy to Plaintiff at his address of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: October 15, 2025